VICTOR ANTONUCCI, PLAINTIFF-APPELLANT, v. SAMUEL EICHENBAUM, TRADING AS PASSAIC PLUMBING SUPPLY COMPANY, AND IRVING MEYERS, DEFENDANTS-APPELLEES.

Submitted October 14, 1927—Decided January 5, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Feder & Rinzler*.

For the appellees, *William E. Holmwood*.

PER CURIAM.

This is an appeal from a judgment against appellant in an action to recover damages for injuries to a jitney bus owned by him. Such damages resulted from a collision between such bus and an automobile of the appellee Passaic Plumbing Supply Company, which was operated by its agent, Irving Meyers, the other appellee.

Appellant and appellee Passaic Plumbing Supply Company sought to recover damages against each other for injury to their respective vehicles.

Appellant's bus in proceeding along Passaic avenue, Lodi, New Jersey, toward Passaic, was stopped by the owner of a Ford truck, who desired the loan of a jack so that he might repair a tire on his car.

The Ford truck was standing on its left-hand side of the road, and the jitney bus was drawn up to its right-hand side of the road some feet ahead of the truck, so that the two vehicles stood on the same side of the street but headed in opposite directions.

Appellee's car was being driven toward Passaic, the same direction in which the jitney bus was headed, and came in collision therewith.

The cause was tried by the District Court judge without a jury. He found both parties guilty of negligence causing the happening, and thereupon rendered judgment against both parties.

The appellant seeks to set aside this judgment against him, because he says the trial court erred in finding that he was guilty of negligence, which caused or proximately contributed to the happening, as there were no facts upon which to base such a conclusion.

Our examination of the proofs satisfies us, however, that there were facts, circumstances and conditions shown to exist upon which such conclusion of the trial court could be based.

The judgment below is therefore affirmed, with costs.